**\*E-FILED 9/26/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAM ABBOUD,<br><br>            Plaintiff,<br>      v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION, ET AL.,<br><br>            Defendants. | NO. 5:04-cv-00017 JW (RS)<br><br>**ORDER GRANTING ABBOUD'S MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY AND DENYING REQUEST FOR SANCTIONS BY BOTH PARTIES** |

I. INTRODUCTION

Plaintiff Sam Abboud ("Abboud") moves to compel third party Hitachi Global Storage Technologies, Inc. ("Hitachi") to provide the further deposition testimony of Jim Donahoe ("Donahoe"), and Bruno Marchon ("Marchon") and seeks the deposition testimony of other scheduled deponents pursuant to Fed. R. Civ. Pro 37. Abboud also requests sanctions in the form of reasonable expenses and attorneys' fees incurred in connection with this motion to compel. Hitachi and the deponents oppose the motions and also seek sanctions. The motions were fully briefed and heard on shortened time by the Court on September, 21 2005. Based on all papers filed to date, as well as on the oral argument of counsel, the Court denies the motion to compel, as well as the requests for sanctions, for the reasons set forth below.

## II.  BACKGROUND

According to the facts alleged in the original complaint filed in Santa Clara County Superior Court on November 10, 2003, as well as on the moving papers, Abboud began working at IBM in 1981 as an engineer. He worked in thin film head engineering and received praise and awards for his work. In 1998, Abboud complained to the human resources department that he believed he was being discriminated against by his then current manager. Abboud alleges that after he lodged his complaint, he was retaliated against by a series of adverse actions that culminated in his termination on September 14, 2001.

Abboud appealed his termination through IBM's "Open Door Policy" resulting in January 2002, in a reversal of that decision. Abboud was not returned to his previous department, however, but was placed in the Tribology department, for which he insists he lacked experience and background. Abboud further alleges that he was informed that the Tribology department was set to be sold to another company. Abboud states that once in the Tribology department he performed routine clerical tasks and at one point his manager, Marchon, told him he was overpaid and should look for work elsewhere.

According to Hitachi, as of January 1, 2003, it acquired IBM's STD division of which the Tribology department to which Abboud was reinstated was a part. Abboud contends that while the entire STD division was acquired by Hitachi, its personnel and location remained the same as it had been under IBM.

In November 2003, Abboud filed a complaint against IBM and other unnamed defendants in state court alleging retaliation and defamation, and seeking reinstatement to his original IBM position. Defendants removed the case to this Court in January 2004. In January 2005, Abboud was terminated from Hitachi as a result of a reduction in workforce. Abboud contends that he was the only employee so treated.

In preparation for trial, the depositions of Donahoe and Marchon were taken in July and August 2005, respectively. Donahoe, who is currently the Manager of Hitachi's North American Human Resources Department, was also the HR manger for the STD division of IBM before the Hitachi acquisition. Marchon, who is currently the Manager of the Tribology department with Hitachi, was also the Manager of that

2

department under IBM ownership.[1]

Abboud alleges that during the depositions of Donahoe and Marchon, he was precluded from asking questions pertaining to the time period after Hitachi acquired the Tribology department. According to Abboud, such discovery will be relevant to his retaliation claim in that it could reveal the discriminatory motive behind the earlier conduct at issue in his complaint. Hitachi responds that its witnesses were, in fact, permitted to answer certain questions implicating the post-IBM time period but that Abboud impermissibly sought to inquire about his subsequent employment with Hitachi, unrelated to the claims in the complaint, and motivated solely for the improper purpose of developing an independent case against Hitachi.

### III.  STANDARDS

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rules of Evidence, Rule 401. Discovery may be limited by the court for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

---

[1] There are additional depositions of other former employees of IBM's STD division which are scheduled to occur after resolution of this motion.

3

United States District Court
For the Northern District of California

IV.  DISCUSSION

A.     Motion to Compel Further Testimony

As noted above, Abboud moves to compel the further deposition testimony of Donahoe and Marchon, as well as the deposition testimony of other scheduled deponents, concerning the time period during which he was an employee of the Tribology department under the control of Hitachi. Hitachi, argues that the motion to compel should be denied because the requested discovery is not relevant to any claim or defense in the case, as required under Fed. R. Civ Pro. 26(b)(1).

Abboud argues in his motion to compel that the retaliation he claims to have suffered continued even after the acquisition of his department by Hitachi. No such allegation, however, appears in his complaint. Accordingly, as Hitachi suggests, discovery pertaining solely to Abboud's employment with Hitachi may well ultimately not be admissible as relevant in any trial of these claims. That said, the standard under Rule 26 is not confined to the discovery of admissible evidence but includes that which appears "calculated to lead to the discovery of admissible evidence". Owing to the significant overlap between the personnel and operations of the STD division under IBM and then Hitachi, limited discovery regarding that subsequent period may shed light on the motives and conduct associated with Abboud's employment during the IBM years.

Abboud's motion to compel, therefore, is granted to the extent that he seeks to inquire at deposition regarding his employment with Hitachi. In granting this motion, the Court is mindful that Hitachi is a third party to this action and that the employment history at issue in this motion pertains to a period occurring after all actionable conduct averred in the complaint. Abboud, therefore, will be expected to limit any further deposition examination of Donahoe, Marchon and the other noticed Hitachi deponents to questions that while addressed to a later period, could arguably reflect on the employment actions alleged in the complaint.[2] (By way of example only, questions regarding discussions during the "Hitachi period" about how Abboud performed as an employee during the "IBM period"). Any further depositions of Hitachi personnel, including a resumption of the Marchon and Donahoe depositions, shall each be limited to no

---

[2] Hitachi requests that the Court take judicial notice of certain facts pertaining to Abboud's counsel and asserts various objections to material submitted by Abboud. Those objections and requests are denied.

4

more than three and a half (3.5) hours in duration.

B.     <u>Requests for Sanctions</u>

Abboud requests sanctions against Donahoe, Marchon and Hitachi counsel for the expenses associated with the filing of this motion. Hitachi argues that sanctions should be denied on various grounds, including that the request fails to comply with the Court's local rules. Civil L.R. 7-8 sets forth the requirements for a request for sanctions and mandates that any motion seeking such relief be filed under separate cover. Abboud did not meet this requirement and accordingly, his request for sanctions is denied.

Additionally, Hitachi requests sanctions, in the form of their attorneys' fees and costs, incident to the filing of their opposition to the motion to compel further discovery responses, pursuant to Fed. R. Civ. Pro. 37(a)(4). As Abboud has largely prevailed on his motion, Hitachi's request for sanctions is denied.

## V.  CONCLUSION

For the reasons stated herein, Abboud's motion to compel further testimony is granted as set forth above and the cross-motions for sanctions are both denied.

IT IS SO ORDERED.

Dated: 9/26/05                                        /s/ Richard Seeborg
                                                      RICHARD SEEBORG
                                                      United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Robert David Baker     attyatlaw@earthlink.net

Dugan William Bliss    duganbliss@quinnemanuel.com

Scott G. Lawson    scottlawson@quinnemanuel.com, robertchang@quinnemanuel.com

**Dated: 9/26/05**                              **Chambers of Judge Richard Seeborg**

                                                 **By:    /s/ BAK**

5