**\*E-FILED 5/29/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAM ABBOUD,<br><br>    Plaintiff,<br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendant. | NO. C 04-00017 JW (RS)<br><br>**ORDER GRANTING MOTION TO COMPEL** |

Before the Court is the motion of defendant International Business Machines Corporation ("IBM") for an order compelling plaintiff Sam Abboud to supplement his production of documents responsive to IBM's first and second sets of document requests, and to respond to IBM's first set of interrogatories. The matter has been submitted without oral argument, pursuant to Civil Local Rule 7-1 (b).

The document requests at issue were served in 2004 and 2005. Abboud, who was represented by counsel at the time, asserted no objections to either set of requests. Abboud produced approximately 95 pages of responsive documents in July of 2004. Abboud never responded in any fashion to the interrogatories, which were served in 2005.

In 2006, Abboud's then-counsel, Robert David Baker, agreed to serve responses to the interrogatories and to supplement the document production. Before that took place, Baker withdrew from representing Abboud. IBM thereafter had communications with a series of attorneys who indicated they were or would be representing Abboud. At least one of these attorneys agreed to

1

1  provide responses to the outstanding discovery upon formally appearing in the case.  Each of the
2  attorneys, however, ended up not going forward with the representation, or terminating it, before the
3  discovery issues were resolved.  IBM also attempted to resolve the issues directly with Abboud,
4  when he was appearing *in pro se*.  Abboud generally refused to respond to such attempts, asserting
5  that as a non-lawyer, he was not capable of assessing the circumstances.  On at least one occasion,
6  however, Abboud agreed to provide the outstanding discovery responses.

7  At the time the motion was filed, Abboud was not represented by counsel and a trial date was
8  imminent.  IBM, therefore, sought to have the matter heard on shortened time.  By order dated April
9  30, 2007, and entered in the docket on May 2, 2007, the Court granted the motion for an order
10 shortening time, and set a briefing schedule.[1]  Apparently before he received notice of the Court's
11 April 30th order, Abboud filed an opposition to the motion to compel on May 2, 2007.  Then, on
12 May 10, 2007, Abboud filed a second opposition to the motion, presumably in response to the April
13 30th order permitting an opposition to be filed by May 9th.[2]  Neither of Abboud's oppositions, both
14 filed *in pro se*, establish a reason that the motion should not be granted.

15 At a case management conference held on May 21, 2007, Robert David Baker again
16 appeared as counsel of record for Abboud, and the presiding judge continued the trial dates to
17 September of this year. See Docket No. 193.  On this record, good cause appearing, IT IS HEREBY
18 ORDERED THAT:

19 (1) The motion to compel is GRANTED.  Within 20 days of the date of this order, Abboud
20 shall produce all non-privileged documents in his possession, custody, or control, that are responsive

---

[1] As Abboud was a *pro se* litigant at the time, this case was not part of the Court's ECF program, with the result that orders were manually entered and were served by mail rather than electronically.

[2] It is unclear whether the second opposition was simply late, or whether Abboud filed it as promptly as possible given when he received notice of the Court's April 30th order.  IBM complains that it did not receive a copy of the second opposition by fax or email (as noted above, this was not an e-filing case at the time), with the result that it incurred expenses in obtaining a copy of the filing from the Court in advance of its deadline for filing a reply the following day.  IBM's reply brief, therefore, requests recovery of those attorney fees and costs.  The request is denied in that it does not comply with Civil Local Rule 7-8 (requiring all sanctions motions to be separately-noticed) and does not otherwise appear to be warranted.  The circumstances are unfortunate, but appear to have resulted from the fact that the April 30th order set an abbreviated briefing schedule without expressly providing for expedited service in light of the fact that this was not an ECF case.

2

to IBM's first and second sets of document requests.  Also within 20 days of the date of this order, Abboud shall provide without objections full and complete responses to IBM's first set of interrogatories, which shall include all non-privileged responsive information in his possession, custody or control.

(2) Within 20 days of the date of this order, Abboud shall serve a privilege log identifying any documents withheld under a claim of privilege.  This order is without prejudice to any subsequent determination that Abboud has waived the right to withhold documents or information under a claim of privilege.

(3) Any failure to comply fully and completely with the terms of this order shall be grounds for imposing monetary or other sanctions.

IT IS SO ORDERED.

Dated: May 29, 2007

RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Melissa J Baily     melissabaily@quinnemanuel.com, alanarivera@quinnemanuel.com

Robert David Baker     attyatlaw@earthlink.net

Dugan William Bliss     duganbliss@quinnemanuel.com

Scott Gregory Lawson     scottlawson@quinnemanuel.com, mariamali@quinnemanuel.com

William A. Morehead     williammorehead@quinnemanuel.com, rachelmullinax@quinnemanuel.com

Bradford Korey Newman     bradfordnewman@paulhastings.com, yvettekillingham@paulhastings.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 5/29/07**                                                                 **Chambers of Judge Richard Seeborg**

                                                                                                **By:     /s/ BAK**